IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CHEMONZ VALDEZ OLDS, )
)
Petitioner, )
)
v. ) Civil Action No. 3:19CV825–HEH
)
COMMONWEALTH OF VIRGINIA, )
)
Respondent. )

## MEMORANDUM OPINION
(Denying 28 U.S.C. § 2254 Petition)

Chemonz Valdez Olds, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1). Respondent has moved to dismiss on the ground that, *inter alia*, the statute of limitations bars the action. (ECF No. 12.) For the reasons set forth below, the Court will grant the Motion to Dismiss.[1]

### I. PERTINENT PROCEDURAL HISTORY

The Circuit Court for the City of Norfolk ("Circuit Court"), summarized the pertinent procedural history of Olds's case as follows:

> In October 1999, a grand jury of the Circuit Court of the City of Norfolk indicted petitioner on charges of distribution of cocaine, possession of cocaine with intent to distribute, possession of a firearm while distributing cocaine, and possession of a firearm while possessing cocaine with intent to distribute. In June 2000, petitioner entered into a plea agreement with the Commonwealth stating he was charged with distribution of cocaine, possession of cocaine with intent to distribute, and two counts of possession of a firearm while possessing cocaine with intent to distribute. Petitioner agreed to plead guilty to distribution of cocaine, possession of cocaine with intent to distribute, and one count of possession of a firearm while possessing cocaine with intent to distribute. As

---

[1] The Court employs the pagination assigned to the documents by the CM/ECF docketing system. The Court corrects the capitalization and punctuation in the quotations from the parties' submissions. The Court omits the emphasis from any quotation.

reflected in a sentencing order entered on September 18, 2010, petitioner was convicted in the circuit court upon pleas of guilty to possession of cocaine, distribution of cocaine, and possession of a firearm while distributing cocaine, and he was sentenced to twenty-five years' imprisonment with twenty years suspended. The circuit court disposed of a charge of possession of a firearm while possessing cocaine with intent to distribute by nolle prosequi. Petitioner did not appeal.

In December 2013, petitioner filed a petition for a writ of habeas corpus in this Court asserting his guilty pleas were invalid because the parties' plea agreement erroneously listed two counts of possession of a firearm while possessing cocaine with intent to distribute, did not mention the charge of possession of a firearm while distributing cocaine, and, therefore, did not reflect a knowing and intelligent guilty plea to that charge. This Court dismissed the petition as time-barred in March 2014.

In 2014, petitioner filed a petition for a writ of coram nobis in the circuit court. The circuit court denied the petition, in part, but held the sentencing order required correction to reflect that petitioner was found guilty of possession of a firearm while possessing cocaine with intent to distribute and that the charge of possession of a firearm while distributing cocaine was disposed of by nolle prosequi. The court held the correction was non-substantive because, whether described as possession of a firearm while distributing cocaine or possession of a firearm while possessing cocaine with intent to distribute, the charges arose under the same statute and carried the same punishment. The court entered an amended sentencing order on October 20, 2014.

(ECF No. 1–1, at 18–19.)

### B. Federal Habeas Proceedings

On or about, October 23, 2019, Olds filed his § 2254 Petition with the United States District Court for the Western District of Virginia, which was later transferred to this Court. (ECF No. 1, at 14.)[2] In his § 2254 Petition, Olds raises the following claims for relief:

| | |
|---|---|
| Claim 1 | "Trial court lacked jurisdiction to convict Petitioner based on a guilty plea that was not entered knowingly, voluntarily, and intelligently; thus making the judgment void." (ECF No. 1, at 2.) |
| Claim 2 | "Trial court lacked jurisdiction to amend the void sentencing order 14 years after it became final, in an effort to validate the void conviction." (*Id.*) |

---

[2] The Court deems the petition filed on the date Olds mailed the § 2254 Petition to this Court. *Houston v. Lack*, 487 U.S. 266, 276 (1988).

Claim 2 fails to provide a cognizable basis for federal habeas relief. "Claims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas corpus relief." *Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988) (citations omitted). That is because the habeas petitioner's detention results from the underlying state conviction, not from the state post-conviction collateral proceeding. *Lawrence v. Branker*, 517 F.3d 700, 717 (4th Cir. 2008) ("[E]ven where there is some error in state post-conviction proceedings, a petitioner is not entitled to federal habeas relief because the assignment of error relating to those post-conviction proceedings represents an attack on a proceeding collateral to detention and not to the detention itself." (citing *Bryant*, 848 F.2d at 493; *Bel-Bey v. Roper*, 499 F.3d 752, 756 (8th Cir. 2007); *United States v. Dago*, 441 F.3d 1238, 1248 (10th Cir. 2006))). Accordingly, Claim 2 will be dismissed. Further, as explained below, Claim 1 is barred by the relevant statute of limitations.

## II. STATUTE OF LIMITATIONS

Section 101 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year limitations period for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

3

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

## A. Commencement of the Statute of Limitations

Olds's judgment became final for the purposes of the AEDPA on Monday, October 18, 2010, when the time for filing a notice of appeal expired. *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." 28 U.S.C. § 2244(d)(1)(A)); Va. Sup. Ct. R. 5A:3(a) (requiring a notice of appeal to be filed within thirty (30) days of the entry of the judgment). The limitation period expired one year later, on October 18, 2011. Olds failed to file any state or federal habeas petition before that date. Hence, Claim 1 is barred by the federal statute of limitation and will be dismissed.

The Circuit Court's entry of an amended sentencing order on October 20, 2014 does not alter the statute of limitation analysis. *See, e.g., United States v. Dodson*, 291 F.3d 268, 275 (4th Cir. 2002) (concluding that "finality is not delayed [for purposes of one-year period of limitation] if an appellate court disposes of all counts in a judgment of conviction but remands for a ministerial purpose that could not result in a valid second appeal"); *United States v. Wilson*, 256 F.3d 217, 220 (4th Cir. 2001) (concluding that a remand to vacate one count of conviction, after affirming the remaining counts of conviction, failed to toll the

4

statute of limitations); *see also Richardson v. Gramley*, 998 F.2d 463, 465 (7th Cir. 1993) (citations omitted) ("A judgment is not final if the appellate court has remanded the case to the lower court for further proceedings, unless the remand is for a purely 'ministerial' purpose, involving no discretion, such as recomputing prejudgment interest according to a set formula.").

## III. CONCLUSION

The Motion to Dismiss (ECF No. 12) will be granted. The action will be dismissed. The § 2254 Petition will be denied. The Court will deny a certificate of appealability.

An appropriate Order shall issue.

/s/
Henry E. Hudson
Senior United States District Judge

Date: April 13, 2020
Richmond, Virginia

5